

**U.S. Department of Justice**

Environment & Natural Resources Division

# 90-5-2-1-09334/1

*Appellate Section*                                    *Telephone (202) 514-2496*
*P.O. Box 7415*                                       *Facsimile (202) 353-1873*
*Washington, DC 20044*                               *robert.lundman@usdoj.gov*

July 12, 2013

Office of the Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:    *United States v. EME Homer City Generation, L.P.,* Nos. 11-
              4406, 11-4407, 11-4408 (consol.), argued May 15, 2013,
              before Judges Smith, Fisher, and Chagares

Dear Clerk of the Court:

    Plaintiff-appellant United States submits this response to
defendants-appellees' Rule 28(j) submission of the Seventh Circuit's
decision in *United States v. Midwest Generation* (the current deadline
for seeking rehearing is August 22).

    This Court should not follow that decision because the Seventh
Circuit is wrong that a violation of 42 U.S.C. § 7475 occurs only "when
construction commences" and that the required permit governs only
construction.  Both the "best available control technology" (BACT)
requirement of 7475(a)(4) – defined as an "emission limitation" with
ongoing and operational impact, not just a technology requirement, *id.*
§§ 7479(3), 7602(k) – and the permit requirement of 7475(a)(1) are not
just construction obligations.  When a plant is modified, the plant is
"subject to" BACT (7475(a)(4)) and the operator "shall apply" BACT (40
C.F.R. § 52.21(j)(3), ignored by the Seventh Circuit).  These ongoing
obligations are set forth in the permit, which then applies to and limits

ongoing emissions.  The court is thus incorrect that BACT and the required permit only govern construction, and the idea that an operator does not violate Section 7475 if it "ripped out or deactivated the best available control technology after finishing construction" (Op. 6) underscores how untenable this statutory construction is.

Moreover, the decision does not grapple with the statute of limitations' application to our claims for injunctive relief.  28 U.S.C. § 2462 applies to a "civil fine, penalty or forfeiture," not to an injunction.  *E.g., United States v. Telluride*, 146 F.3d 1241, 1244-48 (10th Cir. 1998); *Restrepo v. Attorney Gen.*, 617 F.3d 787, 800-02 (3d Cir. 2010); Penelec/NYSEG Br. 40; Homer City Br. 10, 41-42.

Finally, the Seventh Circuit does not address two key issues here. First, the opinion does not address the Pennsylvania State Implementation Plan, which includes 40 C.F.R. § 52.21(j).  That Plan requires the operator to apply BACT to the plant, to have a plan approval permit ensuring that the plant is operated consistent with BACT, and to have an operating permit incorporating the plan approval permit terms.  Second, the court does not address Title V, which requires plants to have operating permits addressing all requirements that apply, including BACT.

Sincerely,

s/ Robert J. Lundman
Robert J. Lundman

# CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system.  I certify that service on counsel of record will be accomplished by the CM/ECF system.


/s/ Robert J. Lundman
U.S. Department of Justice
Environment & Natural Res. Div.
P.O. Box 7415
Washington, DC  20044
(202) 514-2496
robert.lundman@usdoj.gov