

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL

July 15, 2013

**Via CM/ECF**

Marcia M. Waldron, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:   *United States v. EME Homer City Generation L.P.*
           Nos. 11-4406, 11-4407, 11-4408

Dear Ms. Waldron:

    The State Appellants respectfully submit this Rule 28(j) response regarding *United States v. Midwest Generation, LLC*.

    The Seventh Circuit's decision rests on the mistaken premise that the statute of limitations in 28 U.S.C. § 2462 applies to claims for injunctive relief. The statute's plain terms do not extend to injunctions, and appellees have not argued otherwise here. The Seventh Circuit's reliance on *Gabelli v. SEC* does not explain this assumption, since that decision excluded claims for injunctive relief from its discussion of § 2462. 133 S. Ct. 1216, 1220 n.1 (2013).

    Based on its error about the statute of limitations, the Seventh Circuit declined to consider the effect of the plant's sale on the owners' duty to apply BACT. Slip Op. at 3. But that issue is central here, because it is undisputed that the Former Owners' failure to apply BACT remained subject to an injunction at the time of the sale. The Seventh Circuit's error also led it to discount the continuing harm from the

Page 2

Former Owners' violation, based on precedent barring relief for the "enduring consequences of acts that precede the statute of limitations." Slip Op. at 7-8. That precedent has no application where there is no statute of limitations.

The court's reading of § 7475 cannot be reconciled with the PSD program's goal of controlling air pollution, 42 U.S.C. § 7470, or with the precedent regarding recognition of a continuing obligation when a statute addresses an ongoing harm, *see* States' Opening Br. at 39-40; States' Reply Br. at 5-13. Moreover, the court's statement that an owner could apply BACT for one day and then deactivate it without violating § 7475, Slip Op. at 6, illustrates the illogic of the court's approach.

In any event, the court ruled solely under § 7475, Slip Op. at 6, and said nothing about the direction in 40 C.F.R. § 52.21(j)(3) that a modified facility "shall apply" BACT. The Sixth Circuit squarely held that this language imposes a continuing obligation, *see* States' Opening Br. at 38; States' Reply Br. at 13-16, and *Midwest Generation* does not take issue with that holding.

                                  Respectfully yours,

                                  /s/ Claude S. Platton
                                  CLAUDE S. PLATTON
                                  Assistant Solicitor General
                                  claude.platton@ag.ny.gov
                                  (212) 416-6511

cc:    All Counsel (via CM/ECF)

## CERTIFICATE OF SERVICE

I, Claude S. Platton, do hereby certify that on July 15, 2013, I served the attached State Appellants' Rule 28(j) Response Letter via the CM/ECF System on all counsel as Filing Users under the Court's rules.

Dated:  July 15, 2013

                                                /s/ Claude S. Platton
                                                Claude S. Platton